Hang & Associates, PLLC
Qinyu Fan
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: qfan@hanglaw.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| Zheng Zhu and Xiu Yu Zhao,<br><br>     Plaintiff,<br><br>vs.<br><br>Haichuan Restaurant LLC d/b/a Ling Long Xuan, Hongxia Wei, Hongyan Wei, and Huiming Song,<br><br>     Defendants. | Case No.: 2:20-cv-6161<br><br>**COMPLAINT** |

Plaintiffs Zheng Zhu ("Plaintiff Zhu") and Xiu Yu Zhao ("Plaintiff Zhao") (collectively, "Plaintiffs"), by and through their attorneys, Hang & Associates, PLLC, as and for causes of action against the Defendants Haichuan Restaurant LLC d/b/a Ling Long Xuan ("Haichuan" or "the Restaurant"), Hongxia Wei (Defendant Hongxia), Hongyan Wei (Defendant Wei), and Huiming Song (Defendant Song), alleges upon information and belief as follows:

## **INTRODUCTION**

1.  This action is brought by Plaintiffs against Defendants for alleged violations of

the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 et seq., and of the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56 et seq. ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) unpaid minimum wage, (3) unpaid tips reduction, (4) compensation for expenses on tools of trade, (5) liquidated damages, (6) prejudgment and post- judgment interest; and/or (7) attorneys' fees and costs.

4. Plaintiffs further allege pursuant to New Jersey State Wage and Hour Law ("NJWHL") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages, (3) unpaid tips deduction, (4) liquidated damages equal to the sum of unpaid minimum, overtime, and tips reduction, (5) prejudgment interest, (6) post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §1331, and has supplemental jurisdiction over the New Jersey State Laws claims pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving

rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff Zhu is an individual who resides in Queens County, New York.

8. From on or around January 22, 2020 to present, Plaintiff Zhu was employed as a delivery person in Defendants' restaurant located at 586 Newark Ave, Jersey City, NJ 07360.

9. Plaintiff Zhao is an individual who resides in Queens County, New York.

10. From on or around January 8, 2020 to March 15, 2020, and from March 30, 2020 to April 2, 2020, Plaintiff Zhao was employed as a packer for delivery orders in Defendants' restaurant located at 586 Newark Ave, Jersey City, NJ 07360.

## DEFENDANTS

### *Corporate Defendant*

11. Defendant Haichuan Restaurant LLC d/b/a Ling Long Xuan is a domestic corporation incorporated in 2017, under the laws of New Jersey, and has its main business address at 586 Newark Ave, Jersey City, NJ 07360.

12. Upon information and belief, Corporate Defendant has about 12 employees.

13. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant has employees who handled and worked on goods moved in commerce such as sauces and beverages.

15. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendants*

16. Upon information and belief, Defendant Wei, known as "Lady Boss" to Plaintiffs, is the owner, registered agaent, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11 -4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

17. Upon information and belief, Defendant Wei determined the wages and compensation of the employees of Defendants, including Plaintiffs, pay employees' salaries twice every month, and stablished work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

18. Upon information and belief, Defendant Song, known as "Boss" to Plaintiffs, is the owner, one of the two registered principles, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJWHL §34:11 -4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

19. Upon information and belief, Defendant Song determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established work schedules and workload of the employees, maintained employee records, and had the authority

to hire and fire employees.

20. Upon information and belief, Defendant Hongxia is the owner, the food safety license holder, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NJW HL §34:11 -4.1 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

21. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Defendants knew that the nonpayment of minimum wage, overtime pay, unlawful tips reduction, and failure to compensate Plaintiffs for their expenses on tools of trade would financially injure Plaintiffs and violate state and federal laws.

*Plaintiff Zheng Zhu*

24. From on or around January 22 to present, Plaintiff Zhu is employed as a delivery person in Defendants' restaurant located at 586 Newark Ave, Jersey City, NJ 07360.

25. From on or around January 8 to March 15, 2020, and from March 30, 2020 to April 2, 2020, Plaintiff Zhao is employed as a packer for deliveries in Defendants' restaurant located at 586 Newark Ave, Jersey City, NJ 07360.

26. Defendant Wei, Song, and Hongxia controlled and determined the work schedule of Plaintiffs.

27. Defendant Wei, Song, and Hongxia determined the rates of compensation of Plaintiffs and methods of payment.

28. Defendant Wei, Song, and Hongxia handled wage payments to Plaintiffs and maintained their employment records.

29. Plaintiff Zhu would report all his tips for orders he delivered to Defendants after the restaurant's daily business. Tips would be paid to Plaintiff Zhu in cash except for the $2.99 delivery compensations at that time.

30. Information for all orders including tips are recorded in Defendants' computer and printed out for Plaintiff Zhu to deliver the orders. And Plaintiff Zhao would package the orders according to the order information.

31. Every day Defendant Wei and Defendant Song would drive all employees together to the restaurant in a white van in the morning and back to Flushing New York after the business.

32. From January 22, 2020 to on or around March 15, 2020, Plaintiff Zhu would take Monday off and work six (6) days a week as a delivery person. Plaintiff Zhu would arrive at the restaurant at around 10:40 am and leave the restaurant between 10:15 pm and 10:30 pm from Tuesday to Thursday. From Friday to Sunday, Plaintiff Zhu would arrive at the restaurant around 10:40 am and leave the restaurant between 10:30 pm and 11:00 pm. Therefore, Plaintiff Zhu was required to work more than seventy-one (71.375) hours per week.

33. From on or around March 15, 2020 to present, due to the COVID-19 situation, the restaurant has more delivery orders than usual. Therefore, Plaintiff Zhu works seven (7)

days a week. From Monday to Sunday, he would arrive at the restaurant at around 10:40 am, and leave the restaurant between 10:30 pm and 11:00 pm. Therefore, Plaintiff Zhu was required to work more than eighty-three (83.083) hours per week.

34.     Plaintiff Zhu would take a quick lunch for about ten (10) minutes, during which time he was on call for deliveries. For dinner, because it is usually busier than lunch time, sometimes Plaintiff Zhu would take a quick dinner for ten (10) minutes, and sometimes he would not have time for dinner and could only take dinner home and eat after he arrives at home.

35.     From January 22, 2020 to on or around March 15, 2020, Plaintiff Zhu was paid twice a month, and at a fixed rate of $1,700 per month, regardless of the actual hours he worked.

36.     From January 22, 2020 to on or around March 15, 2020, Plaintiff Zhu would deliver about twenty (20) to thirty (30) orders every day he worked.

37.     From on or around March 15, 2020 to present, Plaintiff Zhu was paid twice a month, and at a fixed rate of $1,960 per month, regardless of the actual hours he worked.

38.     In April, $210 was deducted from Plaintiff Zhu's salaries because the restaurant was closed for three days ($70 for each day) due to a fight between Defendant Wei and Defendant Song.

39.     From May 1, 2020 to May 15, 2020, Defendant Wei and Defendant Song had another fight and the restaurant was closed for one day. Therefore, $70 was deducted from Plaintiff Zhu's salary for this time period.

40.     Plaintiff Zhu was never informed in advance when the restaurant closes. And he was informed when he was waiting for Defendants' van to the restaurant in the morning.

41.     From on or around March 15, 2020 to present, Plaintiff Zhu would deliver about

thirty (30) to forty (40) orders every day he worked.

42. For every order that Plaintiff Zhu delivered, Defendants would deduct the $2.99 delivery compensation from the tips he got.

43. There was never any agreement between Plaintiff Zhu and Defendants about tips.

44. During all relevant times, Plaintiff Zhu was paid in cash with an envelope bearing his name on it, and sometimes it comes with a small piece of paper stating the amount he was paid.

45. During all relevant times, Plaintiff Zhu drives his own car to deliver orders for the restaurant, which would cost him about $15 per day for gas, and about $50 to $60 per month for maintenance. During his employment with Defendants, Plaintiff Zhu changed two tires of his car, which cost him about $300.

46. Plaintiff Zhu was never compensated for his expenses on tools of trade, i.e., the usage of his car for delivering orders for the restaurant.

47. Except for delivering orders for the restaurant, Plaintiff Zhu was requested to help with making sauces, cutting the cardboards, and packaging the deliveries.

48. From January 8, 2020 to on or around March 15, 2020, Plaintiff Zhao took Wednesday off and worked six (6) days a week. For Monday, Tuesday and Thursday, Plaintiff Zhao would arrive at the restaurant at around 10:40 am and leave the restaurant between 10:15 pm and 10:30 pm. From Friday to Sunday, Plaintiff Zhao would arrive at the restaurant around 10:40 am and leave the restaurant between 10:30 pm and 11:00 pm. Plaintiff Zhao would have a break for about an hour during her lunch time from about 3:30 pm to 4:30 pm. Therefore, Plaintiff Zhao worked more than sixty-five (65.375) hours per week.

49. From on or around March 30, 2020 to April 2, 2020, Plaintiff Zhao was requested to come to work again at the same schedule she previously worked on. Concerned about the health risks during the COVID-19, Plaintiff Zhao resigned from her job after her work on April 2, 2020.

50. At all relevant times, Plaintiff Zhao was paid twice a month, and at a fixed rate of $1,400 per month, regardless of the actual hours she worked.

51. Plaintiff Zhao was requested to pack deliveries, make sauces, cut cardboards, and clean the insulation pot before the restaurant closes.

52. Plaintiff Zhao would on average package about 120 orders per day.

53. Plaintiff Zhao was paid in cash with an envelope bearing her name on it, and it comes with a small piece of paper stating the amount she received.

54. Plaintiffs were never provided with a written wage notice, in English or in Chinese (the primary language identified by Plaintiff) when they were hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

55. Throughout their employment with Defendants, Plaintiffs were not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

56. Throughout their employment with Defendants, Plaintiffs were not overtime-exempt under federal and state laws.

57. Upon information and knowledge, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages as required by law.

58. Defendants did not provide Plaintiffs with any wage statement with every wage

payment.

59. During the COVID-19 period, Plaintiffs were required to work on the restaurant's normal business time. And they were not provided with any protections.

60. During the COVID-19 period, Plaintiffs were required to work on more orders than usual, and due to the increased delivery orders, the restaurant was understaffed. The restaurant stopped providing employees with breakfast.

## STATEMENT OF CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiffs]

61. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

63. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

64. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

65. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. §206(a).

66. At all relevant times, Defendants had a policy and practice of refusing to pay

the statutory minimum wage to Plaintiffs, for some or all of the hours they worked.

67. For Plaintiff Zhu, from January 22, 2020 to on or around March 15, 2020, he worked 71.375 hours per week, and was paid at a fixed rate of $5.50 (=$1700*12/52/71.375) per hour. From on or around March 15, 2020 to present, Plaintiff Zhu was paid at a fixed rate of $ 5.44 (=$1960*12/52/83.083) per hour.

68. For Plaintiff Zhao, for all relevant times, she was paid at a fixed rate of $ 4.94 ($1400*12/52/65.375) per hour.

69. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to Plaintiffs affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT II

**[Violation of New Jersey Wage and Hour Law—Claim for Minimum Wages]**

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

73. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

74. Plaintiff Zhu was paid at a fixed rate of $5.50 per hour from January 22, 2020

to on or around March 15, 2020, and then at a fixed rate of $5.44 per hour from on or around March 15, 2020 to present.

75. Plaintiff Zhao was paid at a fixed rate of $4.94 per hour for all relevant times.

76. Therefore, Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

77. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

## COUNT III
**[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs]**

78. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

79. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

80. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

81. Plaintiffs worked more than forty hours for all relevant times, and were paid at a fixed rate regardless of the actual hours they worked.

82. Defendants' failure to pay Plaintiffs their overtime premiums violated the FLSA.

83. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

84. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

85. Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

86. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

### COUNT IV
### [Violation of New Jersey Wage and Hour Law—Overtime Wage Brought on behalf of Plaintiff]

87. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

88. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times of Plaintiffs' hourly rate for

hours Plaintiffs worked exceeding forty (40) hours per week.

89. Defendants' failure to pay Plaintiff was not in good faith.

90. By failing to pay Plaintiffs, the Plaintiffs are entitled to recover from Defendants their full unpaid overtime pays, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a et seq.

## COUNT V
### [Violations of the Fair Labor Standards Act—Improper Retention of Tips/Gratuities Brought on behalf of the Plaintiff Zhu]

91. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. 29 USC §203 (m) (2) (b) provides that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

93. Under Title XII of Consolidated Appropriations Act 2018 ("Title XII" hereinafter), Subsection (a) was titled as Prohibition on Keeping Tips, citing, amending, and redesignating Section 29 U.S.C. 203(m). The only purpose of such amendment and redesignation was to make it a separate paragraph emphasizing that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

94. Title XII (b) specifies penalties and remedies to tip reduction claims by amending 29 US 216(b) to include that, 1) "any employer who violates section 3(m)(2)(B) shall be liable to the employee or employees affected in the amount of the sum of any tip credit

taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages", 2) "the authority and requirements described in this subsection shall apply with respect to a violation of section 3(m)(2)(B)…", and 3) "any person who violates section 3(m)(2)(B) shall be subject to a civil penalty not to exceed $1,100 for each such violation, as the Secretary determines appropriate, in addition to being liable to the employee or employees affected for all tips unlawfully kept, and an additional equal amount as liquidated damages, as described in subsection (b)."

95. Here, Plaintiff Zhu's $2.99 tips on every order he delivered were unlawfully retained by Defendants, and there was never an agreement about tips between Plaintiff Zhu and Defendants. Therefore, Defendants conducted unlawful retention of tips under FLSA.

96. Due to the Defendants' unlawful retention of tips in violation of the Title XII of Consolidated Appropriations Act 2018, Plaintiff is entitled to recover from the Defendants the full amount of tips withheld by Defendants, and an additional equal amount as liquidated damages.

### COUNT VI
### [Violations of the Fair Labor Standards Act—Failure to Compensate for Expenses on Tools of Trade
### Brought on behalf of the Plaintiff Zhu]

97. 29 C.F.R. § 531.35 provides that, under the FLSA, "whether in cash or in facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage

delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35.

98. Here, Plaintiff Zhu was required to use his own car for delivering orders for the restaurant. In order to perform his job duties, Plaintiff hu was required to pay about $15 for gas fees per day, $50 to $60 for maintenance every month, and spent $300 to change two tires that were worn out during his employment with Defendants. however, Plaintiff Zhu was never compensated for such expenses on tools of trade under the FLSA, while he was paid under the minimum wage required by the FLSA and NJWHL.

99. Therefore, Defendants' failure to compensate Plaintiff Zhu for his expenses on tools of trade cuts into Plaintiff Zhu's minimum wage that is required by the FLSA, and therefore, violates the FLSA.

100. Due to Defendants' unlawful failure to compensate Plaintiff Zhu for his expenses on tools of trade in violation of the FLSA, Plaintiff Zhu is entitled to recover from the Defendants the full amount of expenses on tools of trade during his employment with Defendants, and an additional equal amount as liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter a judgment providing the

following relief:

- a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;
- b) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;
- c) Award Plaintiffs unpaid wages and unpaid overtime due under the FLSA and the NJWHL plus compensatory and liquidated damages;
- d) Award Plaintiff Zhu the full amount of tips withheld by Defendants, and an additional equal amount as liquidated damages.
- e) Award Plaintiff Zhu compensation for his expenses on tools of trade, and an additional equal amount as liquidated damages.
- f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;
- g) The cost and disbursements of this action;
- h) An award of prejudgment and post-judgment fees; and
- i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully Submitted,

Dated: May 20, 2020
Flushing, New York

HANG & ASSOCIATES, PLLC
*Attorney for Plaintiffs*
*/s/ Qinyu Fan*
Qinyu Fan, Esq.