**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 22, 2021

Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Ave., #10-G
Flushing, NY 11354
*Counsel for Plaintiffs*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

  Re: **Zheng, et al. v. Haichuan Restaurant LLC, et al.**
     Civil Action No. 20-6161 (SDW) (LDW)

Counsel:

  Before this Court is Plaintiffs Zheng Zhu and Xiu Yu Zhao's ("Plaintiffs") Motion to Reopen. This Court having considered Plaintiffs' submissions, noting that Defendants have not opposed, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Plaintiffs' Motion.

**DISCUSSION**

A.

  On May 20, 2020, Plaintiffs filed suit against Defendants Haichuan Restaurant LLC, Hongxia Wei, Hongyan Wei, and Huiming Song ("Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56 et seq., "arising from Defendants' various willful and unlawful employment policies, patterns and/or practices." (D.E. 1 at 2.) Defendants were properly served but failed to appear and/or answer the Complaint. (*See* D.E. 3-7.) Plaintiffs requested and were granted Entry of Default on September 10, 2020. (D.E. 8.) Plaintiffs then failed to further prosecute the case. On December 14, 2020, this Court issued a Notice of Call for Dismissal pursuant to Local Civil Rule 41.1a. (D.E. 9.) Plaintiffs did not respond, and on December 29, 2020, this matter was dismissed. (D.E. 10.) On February 19, 2021, Plaintiffs moved to reopen, arguing that their failure to prosecute was unintentional and was a result of counsel's involvement in a car accident on December 11, 2020 and the COVID crisis. (*See* D.E. 11-13.)

B.

"Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein" may be dismissed pursuant to Local Civil Rule 41.1(a). The Court may do so "(1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party." *Id.* In determining whether dismissal for failure to prosecute is appropriate, courts consider:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *accord Collins v. Comm'r of Soc. Sec.*, Civ. No. 15-8352, 2017 WL 1137444, at *1 (D.N.J. Mar. 27, 2017). Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr.,* 29 F.3d 863, 874 (3d Cir. 1994).

Here, the *Poulis* factors do not weigh in favor of dismissal. Because Defendants have failed to appear and/or answer or to oppose the Entry of Default they will not be prejudiced if this matter is reopened. There is no indication of bad faith on Plaintiffs' part nor history of dilatoriness. Plaintiffs' counsel certifies that their involvement in a car accident shortly before the Notice of Call for Dismissal was entered and the impact of the COVID pandemic undermined their attention to this matter and that their failure to prosecute was unintentional. The length of time between dismissal and the motion to reopen is not unreasonable and it appears that Plaintiffs have meritorious claims. As a result, this Court is satisfied that a warning to Plaintiffs' counsel to be more attentive to their caseload is a sufficient sanction. *See Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 750 n.6 (3d Cir. 1982) (identifying alternatives to dismissal such as "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses"). Plaintiffs' motion to reopen will be granted.

**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiffs' Motion to Reopen this matter is **GRANTED**. An appropriate order follows.

            /s/ Susan D. Wigenton
            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:   Parties
    Leda D. Wettre, U.S.M.J.